[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL JUDGMENT
Whereas, on January 24, 1997, the court entered a judgment finding that the plaintiff is the beneficiary of an easement on land of the defendant, Thimble Creek Condominium Association, Inc. and
Whereas, the court deferred action on the issuance of an injunction ordering the defendants to remove certain obstructions located on said easement pending the parties reaching an agreement as to said removal, and
Whereas no such agreement has been forthcoming and the plaintiff has re-stated its claim for relief,
Now therefore it is ordered that:
1. The defendant Thimble Creek remove from the plaintiff's right of way all motor vehicles which are the property of the association, its unit owners and their tenants, guests, or invitees, together with any other impediments to ingress and egress over and on said right of way.
2. The defendant C.L. P. shall remove from the right of way any and all electrical transmission equipment, excluding C.L. P. pole 6453, its support pole and guy wires, and any equipment on CLP pole 6453.
 a. C.L. P. is not precluded from modifying, burying, or otherwise relocating its equipment so long as the plaintiff's right of ingress and egress is maintained.
3. The time for full performance of these orders is as follows:
a. for the defendant Thimble Creek immediately upon the CT Page 844 issuance and receipt of this order.
 b. for the defendant C.L. P., planning is to commence within 90 days of the issuance and receipt of this order and total compliance must be completed within 6 (six) months thereof.
4. Reference for the above right of way and utilities is made to Exhibit 1 of November 1, 1998, "Easement Map Thimble Creek Condominium Association. Dated 3/18/97, scale 1" = 20' Criscuolo Shepard Associates, PC Civil Engineers."
Anthony V. DeMayo Judge Trial Referee